O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **MARTIN & GRISELDA VILLARREAL,** *et al.*, | § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:03-cv-11 |
| **THE CITY OF LAREDO,** *et al.*, | § § § | |
| *Defendants*. | § | |

**OPINION & ORDER**

**I.   RELEVANT FACTS AND PROCEDURE**

The current action concerns construction defects in Los Obispos, a housing development located in Laredo, Texas. The Plaintiffs own the allegedly defective homes at issue in this case. The Defendants include the City of Laredo ("the City") and the Laredo Affordable Housing Corporation ("LAHC"), which initiated and oversaw construction of the homes and sold them to the Plaintiffs. The other defendants in the litigation, MG Builders; Frank Architects, Inc.; WSC, Inc.; and Trinity Testing Laboratories, Inc. ("Trinity")[1], worked on the design and/or construction of Los Obispos in various capacities. It bears emphasizing at the outset that the litigation of this action has involved many parties and taken many twists and turns over the last five years; this Order attempts to provide some clarity as to the current posture of the case.

In this Order, the Court clarifies its October 27, 2005 bench rulings with regard to three Motions to Dismiss or Motions for Summary Judgment by MG Builders, [Dkt. No. 77]; WSC, Inc., [Dkt. No. 80]; and the City and LAHC, [Dkt. No. 75]. The Court also issues rulings on

---

[1] Trinity was not named by the Plaintiffs, but rather, sued via a third-party claim by the City and LAHC, and via a cross-claim by MG Builders.

certain outstanding motions, while reserving decision on other motions in anticipation of a Status Conference which the Court has set for October 23, 2007. Specifically, the Court **GRANTS** the City's and LAHC's motion to dismiss with prejudice all claims against Trinity, styled "Stipulation of Dismissal," [Dkt. No. 126]. The Court **GRANTS** a similar motion by the City and LAHC to dismiss with prejudice all claims against MG Builders. [Dkt. No. 125]. The Court also **LIFTS** the bankruptcy stay entered on November 1, 2005. The Court **DENIES AS MOOT** motions by WSC, Inc. and MG Builders for Leave to Reply. [Dkt. Nos. 101 & 104]. The Court **DISMISSES** the City's and LAHC's Motion in Limine, [Dkt. No. 110], with leave to re-file once a trial date is re-set. Next, the Court **DECLINES** to address John Weninger's Pleas in Intervention, [Dkt. Nos. 68 & 85], and MG Builders' Motion to Dismiss the Pleas, [Dkt. No. 92]. Finally, the Court **DECLINES** to address the City's and LAHC's Motion for Leave to File a Motion for Supplemental Summary Judgment, [Dkt. No. 129], but advises the parties that it intends to rule on this motion at or shortly after the October 23, 2007 Status Conference.

Before delving into the various Motions, a basic discussion of the facts and procedural posture is helpful to what the Court sincerely hopes will be the expeditious resolution of the few remaining claims.

### A. Background Facts and Procedure

The thirty-nine Plaintiffs to this action all bought houses in the Los Obispos subdivision in Laredo. [Dkt. No. 6-2 at 5-6]. The City, together with the various other Defendants, developed and sold the houses in Los Obispos using a grant from the federal Department of Housing and Urban Development (HUD). [*Id.*]. Citing widespread construction defects, Plaintiffs sued the defendants, asserting various causes of action. [*See id.*]. This action was first filed in Texas state court in 2002, but removed to this Court on January 21, 2003, after Plaintiffs amended their

complaint to add claims under the federal Racketeering and Corrupt Organizations Act (RICO). [Dkt. No. 1 at 2].

In addition to contesting Plaintiffs' original claims, the City and LAHC filed cross-claims and third-party claims against certain co-defendants, including MG Builders; Frank Architects, Inc.; WSC, Inc.; and Trinity. [Dkt. Nos. 44, 45]. Defendant MG Builders also filed a cross-claim against Trinity. [Dkt. No. 29]. Frank Architects, Inc. was initially named as a Defendant, but was terminated from this litigation on July 19, 2004 after all Plaintiffs and Defendants moved to dismiss with prejudice their respective claims against that company. [Dkt. No. 52]. Finally, former counsel for Plaintiffs, John Weninger, filed two Pleas in Intervention, [Dkt. Nos. 68 & 85], seeking to add himself as Intervenor Plaintiff and the City; MG Builders; WSC, Inc.; and Trinity as Intervenor Defendants. MG Builders moved to dismiss those pleas. [Dkt. No. 92].

### B. The Court's October 27, 2005 Rulings on Summary Judgment Motions

Eventually, all remaining Defendants sued by the Plaintiffs—namely the City and LAHC; MG Builders; and WSC, Inc.—moved for summary judgment or dismissal of all of Plaintiffs' claims. [Dkt. Nos. 75, 77, 80].[2] On October 27, 2005, with trial approaching, the Court convened a conference, at which it issued rulings on several of the summary judgment motions. The Court ruled from the bench on the following motions.

#### 1. Defendant MG Builders' Motion for Summary Judgment [Dkt. No. 77]

The Court granted MG Builders' Motion for Summary Judgment on Plaintiffs' claims, [Dkt. No. 77], in its entirety. The Court granted the motion as to: (1) claims under the Texas Deceptive Trade Practices-Consumer Protection Act, which the Court ruled were barred by the statute of limitations; (2) claims for fraud and fraud in a real estate transaction, as the Court

---

[2] Plaintiffs had not asserted a cause of action against Trinity; the City and LAHC asserted third-party claims against Trinity, and MG Builders asserted cross-claims against Trinity.

found that no statements were made to the plaintiffs prior to the instigation of the lawsuit, and MG Builders was not a party to any transaction involving the plaintiffs; (3) claims under the Texas Real Estate Construction Act, because MG Builders was not a contractor and was not in privity with Plaintiffs; (4) claims for negligence and gross negligence, because if there were a claim at all, it would be barred by the economic loss doctrine, as well as the applicable statute of limitations; (5) claims for negligent misrepresentation, because the Court found that no representation or communication was made to the plaintiffs, at least prior to this lawsuit; (6) claims for breach of contract, because the Court found that there was no privity of contract between the plaintiffs and MG Builders; and (7) claims for civil conspiracy, as the Court found that there was no summary judgment evidence presented as to that claim, nor was there evidence of any illegal act in furtherance of a conspiracy, which is a necessary element of that claim.

### 2.   Defendant WSC, Inc.'s Motion for Summary Judgment [Dkt. No. 80]

Like MG Builders' summary judgment motion, the Court granted WSC, Inc.'s Motion for Summary Judgment on Plaintiffs' claims, [Dkt. No. 80], in its entirety.  This included: (1) claims under the Texas Deceptive Trade Practices-Consumer Protection Act, which the Court ruled were barred by the statute of limitations; (2) claims for fraud and fraud in a real estate transaction, as no statements were made to plaintiffs prior to instigation of the lawsuit and WSC, Inc. was not a party to any real estate transaction; (3) claims under the Texas Real Estate Construction Act, because WSC, Inc. was not a contractor and was not in privity with the plaintiffs; and (4) claims for civil conspiracy, because there was no evidence sufficient to withstand summary judgment that there was an illegal act in furtherance of a conspiracy.

### 3.  The City's and LAHC's Motion for Summary Judgment [Dkt. No. 75]

The Court granted the City's and LAHC's Motion for Summary Judgment on Plaintiffs' claims, [Dkt. No. 75], with respect to all claims except breach of contract claims.  Specifically, the Court found that there was no issue of fact raised regarding whether the City and LAHC had sovereign immunity as to: (1) claims under the Texas Deceptive Trade Practices-Consumer Protection Act; (2) claims for fraud and fraud in a real estate transaction; (3) claims brought under the Residential Construction Liability Act; (4) claims of negligence and gross negligence; as well as to claims of (5) negligent misrepresentation; (6) negligent hiring, supervision, and management; and (6) civil conspiracy.  Consequently, summary judgment was warranted with regard to all of the above claims for both the City and LAHC.

However, the Court found that with regard to Plaintiffs' breach of contract claims, there was summary judgment evidence raising an issue of fact as to the existence of a contract.  While the City had taken the position that there was no contract—or even if a contract existed, it was solely for the sale of land—the City averred in its summary judgment motion that it had in fact built fifty homes and sold them to qualified low-income participants.  [*See* Dkt. No. 75 ¶ 6].  The Court noted at this time that the City and LAHC had expressed willingness to fix Plaintiffs' homes.  Under the remaining breach of contract claims, Plaintiffs would only be entitled to homes free of defects—in other words, the Plaintiffs would only be entitled to either have their homes repaired or be compensated for the cost of repair.  For this reason, the Court expressed doubt that anything could be gained by proceeding to trial.

To aid adjudication of the remaining breach of contract claims, the Court ordered Plaintiffs' Counsel Pascual Madrigal to submit to the Court by November 3, 2005 supplemental briefing

stating: (1) what contract provisions Plaintiffs contended the City and LAHC had breached, and (2) what law supported the existence of these provisions.

### 4. Other Pending Motions

With respect to all other pending claims, the Court declined to enter rulings at that time. The Court expressly declined to rule on the two Pleas of Intervention by Plaintiffs' former counsel John Weninger, as well as the cross-claims and third-party claims.

### 5. Preparation for Trial

During the hearing, the Court emphasized that the parties should be ready for trial the following week. The Court ordered jury selection to begin the following Friday, November 4, 2005. Again, the Court noted that the City had offered to make all necessary repairs to the Plaintiffs' homes; the Court therefore encouraged counsel for the parties to confer and consider settlement. This would avoid the expense and inconvenience of trying the case, especially because the Plaintiffs could achieve no more than a judgment requiring the City to make or pay for the repairs it claimed it was quite willing and able to provide.

Despite the Court's stated intention, the various summary judgment rulings and other orders were not subsequently reduced to a formal written order. The parties did not settle, nor did the case proceed to trial. Plaintiffs' counsel also did not submit supplemental briefings regarding the contract provisions Plaintiffs contended the City and LAHC had breached, and the law supporting the existence of these provisions. Rather, on the eve of trial, November 1, 2005, the case was stayed because of a bankruptcy proceeding affecting Trinity.

### C. The Bankruptcy Stay & Recent Developments

On October 31, 2005, the City and LAHC filed with the Court a suggestion of bankruptcy, indicating that Trinity had entered bankruptcy on October 15, 2005. [Dkt. No. 116]. Pursuant to

11 U.S.C. § 362, the Court issued on November 1, 2005 an order staying all proceedings in this matter. [Dkt. No. 117]. However, the City and LAHC indicated in an advisory dated January 19, 2006 that they nevertheless intended during the bankruptcy stay to repair Plaintiffs' homes. [Dkt. No. 121].

On December 20, 2006, Defendant MG Builders moved for voluntary dismissal of its claims against Trinity. [Dkt. No. 123]. The Court dismissed MG Builder's cross-claims with prejudice on May 21, 2007, and terminated Trinity as a cross-defendant—but not as a third-party defendant—on the same day. [Dkt. No. 124].[3]

On May 23, 2007, the City and LAHC filed two separate motions, each styled "Stipulation of Dismissal." [Dkt. No. 125, 126]. In the first motion, the City and LAHC sought voluntary dismissal with prejudice of the City's and LAHC's cross-claims against MG Builders, indicating that the parties had settled all remaining claims. [Dkt. No. 125]. Additionally, the City and LAHC sought voluntary dismissal with prejudice of the City's and LAHC's third-party claims against Trinity. [Dkt. No. 126]. The City and LAHC indicate in this Motion only that they "no longer wish to pursue their claims against this Third-Party Defendant." [*Id.* at 1-2]. While the City and LAHC have called each motion a "Stipulation of Dismissal," the Court notes that because Trinity and MG Builders have answered the City's and LAHC's claims, [*see* Dkt. No. 33], the claims may not be dismissed unless by order of the Court or by a joint, signed stipulation "signed by all parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1). Neither condition is met, and in any case, the bankruptcy stay was in place at the time the City and LAHC attempted to stipulate to dismissal. Therefore, the City's and LAHC's cross-claim against MG Builders and third-party claim against Trinity are still before the Court.

---

[3] The Court did so despite the ongoing bankruptcy stay. However, the Court determines that its action was proper, for the same reasons that the Court in this Order finds it proper to dismiss the City's and LAHC's remaining claims against Trinity. *See infra*, Section II.A.

Finally, the City and LAHC on June 11, 2007 sought leave to file a supplementary motion for summary judgment. [Dkt. No. 129]. In this filing, the City and LAHC claim that as of May 1, 2007, Trinity is no longer in bankruptcy, and, in any case, that Trinity is no longer a party to this litigation. [Dkt. Nos. 129-1 at 2, 129-3 at 3]. As noted above, Trinity is still a party, and as the Court discusses below, it is still in bankruptcy. Nevertheless, the City and LAHC claim that during the pendency of the bankruptcy stay, they have taken the opportunity to repair not only those homes belonging to the Plaintiffs in this action, but all homes in the Los Obispos development. [Dkt. No. 129-1 ¶ 2]. Consequently, the City and LAHC contend that they are entitled to summary judgment on Plaintiffs' sole remaining claims for breach of contract. [*Id.*].

The Plaintiffs represented by Pascual Madrigal have indicated that they oppose the City's and LAHC's Motion for Leave, and if leave is granted, will likewise oppose the Motion for Summary Judgment. [Dkt. No. 130]. Some *pro se* Plaintiffs do not oppose the City's and LAHC's motion; others have not responded. [Dkt. No. 129-1 ¶ 3].

## II. BANKRUPTCY STAY; ORDERS ON PENDING MOTIONS

### A. The Bankruptcy Stay & The City's and LAHC's Motion to Dismiss Claims Against Trinity

#### 1. The Stay Has Remained in Place Through the Present

As a threshold matter, the Court notes that the bankruptcy stay it imposed on this action on November 1, 2005 has remained in effect through the date of this Order. When a litigant is in bankruptcy, 11 U.S.C. § 362(a)(1) provides for an automatic stay to "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." Once the Court was alerted to Trinity's filing for bankruptcy, it entered such a stay. [Dkt. No. 117]. Contrary to what the City and LAHC

8

have indicated, its claims against Trinity were never dismissed, and while Trinity's bankruptcy proceeding appears to be nearing an end, it has not yet concluded. *See In re Trinity Testing Labs., Inc.*, No. 5:05-bk-50669 (S.D. Tex., May 1, 2007), Dkt. No. 36 (Order by U.S. Bankruptcy Judge Wesley W. Steen Approving Trustee's Fees and Expenses in Final Report Before Distribution); [*cf.* Dkt. Nos. 129-1 at 2, 129-3 at 3]. Therefore, the Court would appear to be precluded from lifting the bankruptcy stay entered in this action on November 1, 2005 or otherwise proceeding with the case in any manner. [Dkt. No. 117]; *see Pope v. Manville Forest Prods. Corp.*, 778 F.2d 238, 239 (5th Cir. 1985) (noting that, as general rule, a stay persists "until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay") (citing 11 U.S.C. § 362(a), (c)(2), (d), (e), (f)). None of these events has occurred; the stay remains in place.

### 2. The Court May Dismiss Claims Against Trinity Despite the Bankruptcy Stay

The prohibition under Section 362 against further proceedings is not absolute, and the Court finds that in the current case, this general rule is not a bar to voluntary dismissal of the remaining claims against Trinity. In *Pope*, the Fifth Circuit reversed a district court's *sua sponte* dismissal of claims against a debtor corporation on *res judicata* grounds, after a bankruptcy court allowed the plaintiff's Title VII claim in the amount of $0. 778 F.2d at 238-39. However, the holding was limited to the facts, and the panel indicated in dicta that the rule against further proceedings has limits. *See id.* The *Pope* court specifically emphasized that it did not wish "unnecessarily, or with technicality, to impede the district court in maintaining a current docket." *Id.* at 239. The court reasoned that "absent the bankruptcy court's lift of the stay, or perhaps *a stipulation of dismissal*, a case such as the one before us must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding." *Id.* (emphasis added).

Clarifying the exception in a later case, the Fifth Circuit reasoned that a Section 362 stay does not unconditionally impede a district court from allowing a plaintiff to voluntarily dismiss a debtor defendant under Federal Rule 41(a). *Arnold v. Garlock, Inc.*, 288 F.3d 234, 236 (5th Cir. 2002). The court held that a district court has jurisdiction to determine whether the automatic stay is applicable, and moreover, "to enter orders not inconsistent with the terms of the stay." *Id.* (citations omitted). A district court in Texas recently held that the *Garlock* rule allowed it to adjudicate a debtor's motion to dismiss, despite the ongoing bankruptcy stay, in the interest of advancing the court's crowded docket. *Main v. Kaspar*, 2004 WL 279128, at *1 (W.D. Tex. Dec. 6, 2004).

At first blush, the *Pope* holding would appear to prevent the Court from taking any actions in this case until the bankruptcy court takes one of the necessary actions listed in Section 362 of the Bankruptcy Code. *See Pope*, 778 F.2d at 239. This would prevent the Court from considering the City's and LAHC's "Stipulation of Dismissal," and certainly prevent voluntary dismissal with prejudice of the third-party claims against Trinity. [Dkt. No. 126]. Nevertheless, the bankruptcy stay notwithstanding, this Court has jurisdiction under *Garlock* to determine whether it should allow voluntary dismissal, and may grant dismissal, so long as doing so is not inconsistent with the purposes of the bankruptcy stay. *See* 288 F.3d at 236.

### 3. Dismissal With Prejudice of the City's and LAHC's Claims Against Trinity is Proper

The Court will grant dismissal. The City and LAHC indicate they no longer wish to pursue their third-party claim against Trinity, and would therefore prefer to have the claim dismissed with prejudice. [Dkt. No. 126 at 1-2]. Procedurally, this situation is nearly identical to what the Fifth Circuit confronted in *Garlock*: a plaintiff—the City and LAHC as third-party plaintiffs in this case—seeks to dismiss a defendant in bankruptcy. *See* 288 F.3d at 236. Additionally, like

*Garlock*, the debtor defendant here is but one of many, whom the procedural plaintiffs seek to dismiss with prejudice in order to bring the remaining claims to resolution. *See id.*; [Dkt. No. 126 at 1-2]. No party to this action has objected, and it is apparent that Trinity will lose no counter-claims or cross-claims if the Court dismisses it entirely from the case. The sole remaining issue—whether the City and LAHC breached a contract with purchasers of homes in Los Obispos—has "languished" on the Court's docket for nearly two years. *See Pope*, 778 F.2d at 239; *cf. Kaspar*, 2004 WL 270128, at 1. Finally, the Court finds that allowing dismissal of all remaining claims against Trinity is not inconsistent with the purpose of the bankruptcy stay. It is axiomatic that a stay protects both the debtor and the debtor's creditors by ascertaining liabilities and distributing assets in an orderly fashion. *E.g. In re U.S. Brass Corp.*, 176 B.R. 11, 12 (Bankr. E.D. Tex. 1995) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)). Trinity has asserted no claims which could be considered assets of the bankruptcy trustee, nor will dismissing the current unliquidated claims against Trinity affect its liabilities in the bankruptcy court. The Court therefore finds it proper to allow voluntary dismissal with prejudice of the City's and LAHC's third-party claims against Trinity. *See* Fed. R. Civ. P. 41(a)(2).

Having deemed dismissal proper and not inconsistent with 11 U.S.C. § 362, the Court **GRANTS** the City's and LAHC's Motion to **dismiss with prejudice** all claims against Trinity Testing Laboratories, Inc. [Dkt. No. 126]. The Clerk of the Court shall terminate Trinity as a party in this action.

Moreover, the Court notes that, all claims against Trinity having now been dismissed, it is no longer a party to this action. Consequently, the Court **LIFTS** the bankruptcy stay entered on November 1, 2005. [Dkt. No. 117]; *see* 11 U.S.C. § 362.

### B.      Other Pending Motions

Next, the Court discusses the remaining pending motions. As set forth below, the Court will rule on certain motions, while reserving others until after the October 23, 2007 Status Conference. The Court will also allow supplemental briefing within fifteen (15) days of this Order on those motions not disposed of in this Order. After surveying the facts and procedural posture of the case, the Court determines that the following Motions were either not resolved by the Court's October 27, 2005 bench rulings or were filed at some time thereafter, and are thus still outstanding:

- A "Stipulation of Dismissal" signed by counsel for the City, LAHC, and MG Builders, filed on May 23, 2007, seeking voluntary dismissal with prejudice of all claims against cross-defendant MG Builders, [Dkt. No. 125];

- Pleas in Intervention by John Weninger, filed August 2 and September 27, 2005, [Dkt. Nos. 68 & 85, respectively];

- A Motion to Dismiss the Pleas in Intervention by Defendant MG Builders, filed on October 14, 2005, [Dkt. No. 92];

- A Motion by Defendant WSC, Inc. for Leave to File a Reply to Plaintiffs' Response to Defendant's Motion to Dismiss and Motion for Summary Judgment, filed on October 21, 2005, [Dkt. No. 101];

- A Motion by Defendant MG Builders for Leave to File a Reply to Plaintiffs' Response to Motion to Dismiss and for Summary Judgment, filed on October 24, 2005, [Dkt. No. 104];

- A Motion in Limine by the City and LAHC, filed October 27, 2005, [Dkt. No. 110];

- The City's and LAHC's opposed Motion for Leave to File Supplemental Summary Judgment Motion, filed June 11, 2007, [Dkt. No. 129].

The Court addresses the pending motions in turn.

### 1.    Motion for Voluntary Dismissal

The City and LAHC, along with MG Builders, have filed a "Stipulation of Dismissal" of all remaining claims against MG Builders. [Dkt. No. 125]. The stipulation indicates that all cross-

claims by the City and LAHC against MG Builders have been settled. [*Id.* at 1]. However, because the bankruptcy stay was in effect at the time this motion was filed, the Court did not consider the motion. Moreover, while counsel for the City, LAHC, and MG Builders have all signed this stipulation, Federal Rule 41(a)(2) states that, following the defendant's answer, a stipulation of dismissal is only effective without an order of the court if signed by "all parties who have appeared in the action." MG Builders has answered the cross-complaint and actively litigated this case, and not all parties have signed the stipulation; therefore, the stipulation as such is ineffective. Nevertheless, the Court has determined that dismissal with prejudice of the claims by the City and LAHC against MG Builders is proper. The Court **DISMISSES WITH PREJUDICE** all remaining claims by the City and LAHC against MG Builders. As set forth in the Stipulation, each side is to bear its own costs and attorney's fees. [Dkt. No. 125 at 1].

Moreover, the Court notes that all claims by MG Builders and against MG Builders have been dismissed. This being the case, the Court **ORDERS** Defendant and Cross-Claimant MG Builders **terminated** from this action.

### 2. Pleas in Intervention & Motion to Dismiss Pleas

In the October 27, 2005 bench rulings, the Court expressly declined to address the two Pleas in Intervention by John Weninger, former counsel for Plaintiffs. [Dkt. Nos. 68 & 85]. MG Builders moved to dismiss the Pleas in Intervention on October 15, 2005, [Dkt. No. 92]; as with the Pleas in Intervention, the Court did not have the opportunity prior to the bankruptcy stay to address this Motion. While the Court never ruled on the Pleas and motion to dismiss, John Weninger is listed on the docket sheet as an Intervenor Plaintiff, while the City; LAHC; MG Builders; WSC, Inc.; and Trinity are all listed as Intervenor Defendants.

The Court **DECLINES TO ADDRESS** in the current Order the merits of Weninger's Pleas in Intervention. [Dkt. Nos. 68 & 85]. Because of MG Builders' dismissal, its Motion to Dismiss the Pleas in Intervention is considered moot. [Dkt. No. 92]. However, the Court advises the parties that it will take the Pleas under consideration forthwith. Given the considerable gap in time between the filings of these items and the present date, the Court will allow the parties to submit supplemental briefing regarding the facts and merits of the Pleas and any opposition thereto within fifteen (15) days of this Order. The Court advises the parties that it intends to rule on the Pleas and any motion to dismiss at or shortly after the October 23, 2007 status conference.

### 3. Defendants WSC, Inc.'s and MG Builders' Motions for Leave to Reply

On October 21, 2005, WSC, Inc. filed a Motion for Leave to File a Reply. [Dkt. No. 101]. The purpose of this Motion was to seek leave to object to certain portions of Plaintiffs' Response, [Dkt. No. 94], to WSC, Inc.'s then-pending Motion to Dismiss and Motion for Summary Judgment on Plaintiffs' Claims, [Dkt. No. 80]. Similarly, on October 24, 2005, MG Builders filed a Motion for Leave to File a Reply. [Dkt. No. 104]. This Motion sought leave to file a reply to Plaintiffs' Response, [Dkt. No. 95], to MG Builders' then-pending Motion to Dismiss and Motion for Summary Judgment on Plaintiffs' Claims, [Dkt. No. 77]. However, it is apparent that on October 27, 2005, the Court granted summary judgment on all claims asserted by the Plaintiffs except those alleging a breach of contract against the City and LAHC. [*See supra*, Section I.B.1-2]. Therefore, the Court has granted summary judgment on all claims by Plaintiffs against WSC, Inc. and MG Builders. Accordingly, the Court **DENIES** WSC, Inc.'s Motion for Leave, [Dkt. No. 101], and **DENIES** MG Builders' Motion for Leave, [Dkt. No. 104], as moot.

### 4. The City's and LAHC's Motion in Limine

At the time the City and LAHC filed their Motion in Limine, [Dkt. No. 110], on October 27, 2005, the parties were on the eve of trial. However, the case was stayed shortly thereafter. While the Court lifts the bankruptcy stay in the present Order, no trial date is set at this time. The Court thus **DENIES** the Motion in Limine, [Dkt. No. 110], with leave to re-file once the case is scheduled to proceed to trial.

### 5. Motion for Leave to File Motion for Supplemental Summary Judgment

The City and LAHC have indicated to the Court that, during the bankruptcy stay, all homes in Los Obispos were to be fully repaired, and the repairs are now complete. [Dkt. Nos. 121, 129-1 ¶ 2]. The City and LAHC contend, and seek leave to submit evidence, that the homes are now in the contracted-for condition. [*See* Dkt. No. 129-3 at 12-15 (Affidavit of Gabriel Martinez, Assistant City Engineer for the City of Laredo, Texas, ¶¶ 2-3)]. Thus, the City and LAHC aver that summary judgment is proper as to the remaining breach of contract claims. [Dkt. No. 129-1 ¶ 2]. Plaintiffs state that not all repairs are complete, and there has been damage to personal property in the course of making the repairs. [Dkt. No. 130 at 2-3]. While Plaintiffs are opposed to the Court granting leave to the City and LAHC to move for summary judgment, Plaintiffs do acknowledge that "there has been a substantial change in the facts of the case due [to] the extensive repairs and complaints of Plaintiffs which affects the liability and damage issues to be considered at trial." [*Id.* at 3]. Given the new facts, and expressing a desire to conduct an independent inspection of the repairs, Plaintiffs request a new pretrial order allowing additional discovery, amended pleadings, and dispositive motions before trial. [*Id.*].

The Court **DECLINES TO RULE** on the City's and LAHC's Motion for Leave, [Dkt. No. 129-1], at this time, but advises the parties that it intends to rule on this motion at or shortly after the October 23, 2007 status conference.

### C. Status Conference

Given that the parties to this case have not appeared before the Court in almost two years, and because many motions are still pending, counsel for the parties are hereby **ORDERED** to appear at a Status Conference on October 23, 2007 at 9:00 a.m.

### III. SUMMARY OF ORDERS

In this Order, the Court clarifies its October 27, 2005 bench rulings with regard to Motions to Dismiss and Motions for Summary Judgment by MG Builders, [Dkt. No. 77]; and WSC, Inc.; [Dkt. No. 80]. Specifically, the Court notes that summary judgment was granted with respect to all claims by the Plaintiffs against MG Builders and WSC, Inc. Additionally, the Court held that, as to the Motion for Summary Judgment by the City and LAHC, [Dkt. No. 75], due to the doctrine of sovereign immunity, the City and LAHC were entitled to summary judgment on all claims but those alleging breach of contract.

In this Order, the Court has issued rulings on certain outstanding motions, while reserving decision on other motions in anticipation of the October 23, 2007 Status Conference. Specifically, the Court **GRANTS** the City's and LAHC's motion to dismiss with prejudice all claims against Trinity, styled "Stipulation of Dismissal," [Dkt. No. 126], and **ORDERS** the City's and LAHC's claims against Trinity **DISMISSED WITH PREJUDICE**. The Court also **LIFTS** the bankruptcy stay entered on November 1, 2005. Next, the Court **GRANTS** the City's and LAHC's motion to dismiss with prejudice all claims against Trinity, also styled "Stipulation of Dismissal," [Dkt. No. 126], and **ORDERS** the City's and LAHC's claims against MG Builders

**DISMISSED WITH PREJUDICE**.  The Court **DENIES AS MOOT** motions by WSC, Inc. and MG Builders for Leave to Reply.  [Dkt. Nos. 101 & 104].  The Court **DISMISSES** the City's and LAHC's Motion in Limine with leave to re-file once a trial date is re-set.  [Dkt. No. 110].  The Court **DECLINES** to address John Weninger's Pleas in Intervention, [Dkt. Nos. 68 & 85], and **DENIES** MG Builders' Motion to Dismiss the Pleas as moot, [Dkt. No. 92].  Finally, the Court **DECLINES** to address the City's and LAHC's Motion for Leave to move for Supplemental Summary Judgment until the Status Conference.  [Dkt. No. 129].

The Court **ORDERS** counsel for the remaining parties to appear for a Status Conference on October 23, 2007 at 9:00 a.m, in Courtroom 3B, before the Honorable Micaela Alvarez.

Any other outstanding motions not expressly addressed in this Order are hereby **DENIED**.

IT IS SO ORDERED.

Done this 28th day of September, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.