UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARTIN VILLARREAL, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. L-03-11 |
| | § | |
| THE CITY OF LAREDO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Now pending is a motion by Defendants the City of Laredo and Laredo Affordable Housing Corporation to strike Plaintiffs' expert witness Rodolfo Salinas. [Dkt. No. 204]. After the Court ordered that such motion be submitted on an expedited basis, [Dkt. No. 205], Plaintiffs timely filed a response in opposition, [Dkt. No. 206]. Having considered the particular facts and circumstance of this case and the governing law, the Court now **DENIES** such motion.

I.      **RELEVANT FACTS AND PROCEDURE**

This lawsuit, pending before the Court for over five years, concerns defects in housing constructed by Defendants and sold to Plaintiffs. Plaintiffs' sole remaining cause of action is for breach of contract.[1] The Court has previously found that triable issues of fact remain as to: (1) whether Plaintiffs' homes are defective, i.e., in breach of the common-law implied warranty of good workmanship; (2) whether Defendants have adequately repaired defects to Plaintiffs' homes; and (3) whether Defendants' substandard construction of the homes has caused permanent diminution in the value of

---

[1] The Court has previously noted that the sole remaining claim has "languished" on the Court's docket for several years. [Dkt. Nos. 133 at 11, 142 at 2]. In denying a request for an extension by Mr. Madrigal to file a supplemental briefing, the Court stated on November 19, 2007: "If the case is ever to be resolved, the parties must adhere to the Court's deadlines." [Dkt. No. 142 at 2].

the homes. [Dkt. Nos. 133, 152 at 8-15]. The Court recently granted leave for the parties to conduct additional discovery in light of such holding. [Dkt. No. 198]. The parties were also granted leave to designate fact and expert witnesses. Plaintiffs' deadline to designate such witnesses was June 30, 2008. Defendants' deadline to designate rebuttal witnesses falls on July 30, 2008.[2] Trial is slated to begin on October 27, 2008.

On June 30, 2008, Plaintiffs designated Rodolfo Salinas as their expert witness regarding diminution of value. [Dkt. No. 201]. Plaintiffs did not include a report from Mr. Salinas, but rather, requested leave to file the report approximately two weeks later. [Dkt. No. 202]. The Court denied this request. [Dkt. No. 203]. Defendants then filed the current motion to strike. [Dkt. No. 204].

## II.   DISCUSSION

### A.   The Parties' Arguments

Defendants contend that because Plaintiffs failed to provide the required expert report on June 30, 2008, Plaintiffs' deadline to designate experts, Mr. Salinas should be stricken as an expert. [Dkt. No. 204 ¶ 6]. Defendants contend that Plaintiffs failed to comply with the Court's April 7, 2008 Scheduling Order, and thus have violated Federal Rule of Civil Procedure 37(b). Defendants also argue that Plaintiffs failed to fully comply with Federal Rule 26(a)(2)(B), which requires that an expert's report be furnished at the time a party designates an expert. Defendants contend that they will not know the basis of Mr. Salinas's testimony, nor will they be able to challenge his credentials. [Dkt. No. 204 ¶ 7]. Defendants contend that Plaintiffs had adequate time to retain an expert

---

[2] The Court stated: "Plaintiffs and Defendants must file reports from any newly designated experts, added in strict accordance with the Discovery Plan included with this Order, by the Plaintiffs' and Defendants' respective deadlines." [Dkt. No. 198 at 2].

and conduct inspections of the homes in advance of the June 30 deadline, as Defendants have done. [*Id.* ¶¶ 8-9].

Plaintiffs argue that Mr. Salinas's testimony "is reliable and will be helpful to the jury." [Dkt. No. 206 ¶ 5]. Moreover, such testimony "is imperative to the Plaintiffs' case since it may be the only means of recovery of damages . . . ." [*Id.*]. Plaintiffs contend that Defendants will not be prejudiced if Mr. Salinas testifies, and also claim that Plaintiffs have good cause for failure to file Mr. Salinas's report by the Court's deadline. [*Id.*]. Regarding cause for the delay, Plaintiffs contend that their limited financial means has made retaining an expert difficult. [Dkt. No. 206 ¶¶ 21-22]. Plaintiffs indicate that the report could be provided within 10 working days of July 8, 2008. By Plaintiffs' calculations, this means by July 18, 2008. However, there are five working days in a week. Thus, the report would more likely first be ready on July 22, 2008, or just eight days before Defendants' deadline to designate rebuttal witnesses and reports.

Moreover, Plaintiffs aver that "[t]o exclude the expert's testimony would be tantamount to dismissal of the Plaintiffs' claims." [Dkt. No. 206 ¶ 24]. Exclusion of the testimony would, goes the argument, amount to an extreme sanction, which is unwarranted given Plaintiffs' justifiable delay. [*Id.* ¶ 26]. Additionally, there would be little prejudice to Defendants, given that the identity of the witness and the topic of his testimony are known. [*Id.* ¶ 28]. Next, Plaintiffs contend that whatever hardship is caused by the late designation can be cured by a continuance, if such is necessary. [*Id.* ¶¶ 32-36].[3]

---

[3] Plaintiffs' brief devotes considerable attention to Defendants' alleged dilatory conduct and failure to comply with the disclosure requirements of Rule 26(a)(2) in the course of this litigation. This conduct is not relevant to the only issue the Court is currently evaluating: whether Mr. Salinas may testify at trial.

### B.  Disclosure Under Rule 26

Federal Rule of Civil Procedure 26(a)(2) concerns disclosure of expert testimony. Under Rule 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." It is undisputed that Plaintiffs complied with this subpart of the Rule by designating Mr. Salinas as their expert witness on diminution of value on June 30, 2008. The current dispute centers on the requirements regarding the expert's report. These requirements for disclosure of a written report are set forth in Rule 26(a)(2)(B):

> (B) *Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specifically employed to provide expert testimony in the case . . . . The report must contain:
>
>   (i) a complete statement of all opinions the expert witness will express and the basis and reasons for them;
>
>   (ii) the data or other information considered by the witness in forming them;
>
>   (iii) any exhibits that will be used to summarize or support them;
>
>   (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
>   (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
>   (vi) a statement of the compensation to be paid for the study and testimony in the case.

Furthermore, Rule 26(a)(2)(C) requires that such disclosures be made "at the times and in the sequence that the court orders." Rule 26(a)(2)(D) states that "[t]he parties must supplement these disclosures when required under Rule 26(e)."

### C. Consequences of Failure to Comply

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Fifth Circuit in *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546 (5th Cir. 1996), discussed in detail when it is appropriate to strike a timely designated expert for failure to provide an expert report. There, the District Court's discovery order required that expert reports be filed simultaneously with the parties' designation of experts. 73 F.3d at 571. Thus, the parties were required to give "detailed and complete" reports to allow the other side to prepare for trial; "sketchy and vague" information would not suffice. *Id.* (quoting Fed. R. Civ. P. 26, adv. comm. notes). Defendant Cedar Point Oil only provided summaries of its experts' opinions in outline form, and in one case, provided only a list of topics a certain expert would opine upon at trial, but disclosed none of the expert's actual opinions. *Id.* The court held that Cedar Point failed to comply with its initial disclosure requirements; its efforts to later supplement the reports did not remedy this shortcoming. *Id.*

Next, in determining whether it is proper to exclude an expert witness as a sanction for failure to obey a discovery order, courts in the Fifth Circuit must consider: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Sierra Club*, 73 F.3d at 572 (citations omitted). In lieu of excluding the witness or information, a court may, on motion and after giving an opportunity to be

heard, order payment of attorney's fees caused by the failure, or apply a range of other sanctions as the court deems appropriate. Fed. R. Civ. P. 37(c)(1)(A)-(C).

The Fifth Circuit in *Sierra Club* upheld the district court's order striking Cedar Point Oil's experts. *Id.* The expert testimony was "unimportant" to Cedar Point Oil's case, and while the prejudice to the opposing party was mild and curable by granting a continuance, to grant a continuance would remove the sanction for failure to comply with the discovery order. *Id.* at 573. Moreover, Cedar Point Oil did not present a persuasive justification for its delay: the company had been aware of the issues for which it retained experts since the filing of the suit, meaning it would have had over nine months to solicit experts and prepare reports. *Id.* Thus, the failure to prepare any reports at all was inexcusable. *Id.*

The Fifth Circuit has recently indicated, however, that district courts should think twice before striking an expert for failure to comply with a pretrial order. In *Betzel v. State Farm Lloyd's*, 480 F.3d 704, 709 (5th Cir. 2007), the Circuit found an abuse of discretion when the district court struck an untimely designated expert.[4] The plaintiff disregarded the court's requirement of "strict compliance" with the order and designated two experts several months late, and offered no explanation for this failure. *Id.* at 706-07. Nevertheless, the Circuit emphasized that the expert testimony was "essential" to the plaintiff's case: without it, the plaintiff could not prove damages and could not withstand summary judgment. *Id.* at 707. Moreover, the prejudice to the defendant was mild, as the defendant was aware only eleven days after the designation deadline that the experts

---

[4] The *Betzel* panel was applying a different test than that set forth in *Sierra Club*: when failure to designate a witness altogether should lead to exclusion. Timely designation of a witness without an accompanying report intuitively appears to be a lesser evil than failure to designate altogether; therefore, the Court will treat *Betzel* as highly persuasive authority.

would be called to testify. *Id.* at 708. Such mild prejudice could be cured easily: while a continuance does not punish or deter future dilatory behavior, it "is the preferred means of dealing with a party's attempt to designate a witness out of time." *Id.* (quotation omitted).

### D. Application

Here, Plaintiffs designated Mr. Salinas on the disclosure deadline, but failed to provide a report as required by the Court's Order and Rule 26(a)(2)(B). Thus, like Cedar Point Oil, Plaintiffs have not complied with an explicit discovery order. *See Sierra Club*, 73 F.3d at 571. While Plaintiffs' counsel filed a motion for an extension of time to provide the report, it is dismaying that Plaintiffs' counsel elected to wait until the eleventh hour—6:30 pm on the day of the deadline—to do so. [*Cf.* Dkt. No. 198]. This is despite the fact that for months, counsel had failed to obtain an expert and would certainly have known that compliance with the disclosure deadline would not be feasible. Apparently, counsel thought that it would be better to ask forgiveness than permission for his tardiness. Moreover, this is not the first time that counsel has asked for a last-minute extension. [*See* Dkt. No. 142 at 2]. Given that counsel's failure is clear, the question becomes what sanction is appropriate.

Mr. Salinas is Plaintiffs' sole expert witness regarding diminution in the value of their homes. Given that this matter is at the core of Plaintiffs' theory of recovery, this testimony is highly important. *Cf. Sierra Club*, 73 F.3d at 573. Without it, it will not be possible to establish damages, meaning exclusion would amount to a case-dispositive ruling. *See Betzel*, 480 F.3d at 709. The first factor therefore weighs in Plaintiffs' favor. Regarding the second factor, Defendants may indeed experience prejudice in attempting

to rebut Mr. Salinas's opinions—especially if the report is not available until only a few business days before Defendants' expert disclosure deadline. On the other hand, Defendants indicate that their expert has substantially completed his report. Therefore, the Defendants would need additional time chiefly to rebut Mr. Salinas's opinions. Given the Court's previous emphasis on adhering to scheduling orders, a continuance is highly undesirable—and would neither punish Plaintiffs' failure nor deter future delays. *Cf. id.*; *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) ("Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance."). While a continuance should not be "routine," the Fifth Circuit instructs that it is a "preferred means" of dealing with an untimely designation. *See Betzel*, 480 F.3d at 708. The Circuit in *Betzel* does acknowledge that its precedents are lacking in consistency. Nevertheless, it appears that a court must be especially wary if striking an expert will prevent a party from presenting its case altogether. The Court can only conclude that the third factor is neutral, or best, weighs slightly in favor of a limited continuance over striking Mr. Salinas outright.

Finally, regarding Plaintiffs' explanation for their tardiness, the Court finds that Plaintiffs' failure to comply with the deadline was neither "substantially justified" nor "harmless." *See Sierra Club*, 73 F.3d at 572; Fed. R. Civ. P. 37(c)(1). Counsel indicates that Plaintiffs were unable to retain an expert for several months because of their limited financial means. While this is somewhat understandable, the case was filed over five years ago, and Plaintiffs acknowledge that they have pleaded that they are entitled to damages for diminution of value since April 30, 2003. [Dkt. No. 206 ¶18]. Plaintiffs contend that their tardiness should be excused owing to lengthy bankruptcy stay, lack of

formal discovery, ongoing repairs, and absence of rulings from the Court on the viability of Plaintiffs' legal theories until early 2008. [*Id.* ¶¶ 18-23]. The Court is not persuaded. The circumstances of this case did not prevent Plaintiffs from ascertaining what damages they believed they were entitled to for the long-term diminution in value of their own homes. These circumstances also do not excuse Plaintiffs' counsel's failure to inform the Court or opposing counsel of the lack of a complete expert report in advance of the deadline. The Court had already indicated that it would require "strict" compliance with the latest Scheduling Order. [Dkt. No. 198 at 2; *see also* Dkt. No. 142 at 2].

The first and second factors militate against striking Mr. Salinas as Plaintiffs' experts. The third factor is neutral, or weighs slightly in favor of a limited continuance. The fourth factor weighs in favor of striking Mr. Salinas. On balance, the Court believes that prohibiting Mr. Salinas from testifying will be too harsh a sanction, and will unduly punish the Plaintiffs for counsel's error. Plaintiffs shall file Mr. Salinas's complete report no later than July 18, 2008. Plaintiffs will not be allowed to supplement such report. *See Betzel*, 480 F.3d at 709. Defendants shall file their own expert reports by July 30, 2008. However, Defendants may supplement their expert reports until August 15, 2008. The Court will also consider further sanctions at a later date for Mr. Madrigal's failure to adhere to the Court's Scheduling Order. *See* Fed. R. Civ. P. 37(c)(1)(A)-(C).

**III.    ORDER**

Defendants' Motion to Strike, [Dkt. No. 204], is **DENIED**.  Plaintiffs shall file Mr. Salinas's report no later than July 18, 2008.  No supplements to the report will be allowed.  Defendants shall designate their experts and file a report on July 30, 2008.  However, Defendants may supplement such report, including to rebut Mr. Salinas's opinions, until August 15, 2008.

IT IS SO ORDERED.

SIGNED this 11th day of July, 2008.

_____
Micaela Alvarez
United States District Judge